PER CURIAM:
The claimants brought this action for damage to their vehicle when it encountered an unpaved culvert ditch on a road maintained by the respondent in Cabell County.
*91 The incident giving rise to this claim occurred on March 10, 1997. Claimant Scott Allen Pancake was driving a 1992 Volkswagen Jetta on Spurlock Creek Road (Route 1 and Route 1/1) near Glenwood. The vehicle is titled in his father’s name, Allen D. Pancake. It was approximately 7:30 p.m. and the weather was clear. Spurlock Creek Road in this area is a narrow, paved road with numerous turns. It is a secondary road in terms of maintenance priority. The speed limit is 35 miles per hour. The evidence adduced at hearing was that as Scott Pancake came around a slight turn he encountered a ditch running across the road where a culvert pipe had been installed. Soil and gravel had been placed over the pipe, but there was a significant drop in the road surface elevation. The vehicle sustained two bent wheel rims, broken spoilers and damaged fender flares. The claimant submitted repair estimates in the amount of $764.34. The claimant’s insurance deductible was $500.00.
Photographs introduced by the claimant establish that the filled area in question was several feet in breadth and approximately six inches in depth. The claimant testified that there were no warning signs, cones or barrels to warn motorists of the rough road. He further testified that he had traveled on the road approximately one week prior to the accident and the culvert ditch was not present at that time. The respondent’s evidence was that the area had been experiencing severe flooding at the time; that many roads had experienced wash-outs; and that all warning signs and traffic control barrels were in use on other roads.
The Court is well aware of the widespread flooding that occurred throughout the state during the time in question. It well established that the state is neither an insurer nor a guarantor of the safety of motorists upon its roads and highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). It is the general rule that for the respondent to be held liable for road defects of this nature that the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that the respondent had reason to know that the road conditions giving rise to this action presented a significant hazard and that respondent should have installed some measure of warning device to alert motorists to the rough road area ahead.
In view of the foregoing, the Court makes an award to the owner of the vehicle, Allen D. Pancake in the amount of $500.00.
Award to Allen D. Pancake of $500.00.